UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO COSME GUERRA,<br><br>                                    Plaintiff,<br><br>v.<br><br>OFFICER ANTHONY ALVAREZ,<br>OFFICER M. CROTHERS, and DOE<br>DEFENDANTS 1–25,<br><br>                                    Defendants. | Case No.:  3:26-cv-2453-CAB-SBC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO<br>PROCEED IFP;**<br><br>**(2) DISMISSING COMPLAINT**<br><br>[Doc. No. 2] |

Before the Court is Plaintiff Alberto Cosme Guerra's motion for leave to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.]  Plaintiff filed his IFP motion in connection with a complaint against Officer Anthony Alvarez, Officer M. Crothers, (together, "Defendants"), and Doe Defendants 1–25.  [Doc. No. 1 ("Complaint").]  The Complaint brings claims related to an incident that happened in San Diego County on July 4, 2024 where Defendants, two California Highway Patrol officers, detained Plaintiff.  [Complaint at 1.]

1

For the reasons discussed below, the Court **GRANTS** the motion to proceed IFP and **DISMISSES** the Complaint without prejudice.

## I.    REQUEST TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency.  28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007).  To satisfy the requirements of § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and [his] dependents with the necessities of life."  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1229 (9th Cir. 2015).

Plaintiff has provided the Court with a sufficiently detailed application as required by § 1915(a).  [Doc. No. 2.]  Plaintiff has shown an inability to prepay fees and costs or to give security for them.  Accordingly, the Court **GRANTS** Plaintiff's IFP motion under 28 U.S.C. § 1915(a) and proceeds to screen the Complaint.

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

The Court still must screen the Complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP.  *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

---

[1]  Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

2

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.*  "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" fall short of meeting this plausibility standard.  *Id.*  The Court considers Plaintiff's position as a pro se litigant at the pleading stage and construes the Complaint liberally.  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018).

### a.  Plaintiff's 42 U.S.C. § 1983 Claims

To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or a federal statute has been violated and the deprivation was committed by a person acting under color of state law. *See, e.g., Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *West v. Atkins*, 487 U.S. 42, 48 (1988).  States and state officers sued in their official capacity are not "persons" for the purposes of a § 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  However, § 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Liability can attach to an officer in his individual capacity if the plaintiff is able to establish: (1) that the official caused the deprivation of the plaintiff's rights while acting personally under color of state law, and (2) that the official is not entitled to the protection of qualified immunity.  *See Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).  Here, Plaintiff asserts his claims "under the Constitution . . . including section 1983." [Complaint at 1.]

///

### i. False Arrest

A claim for false arrest is "cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause exists if, at the moment of arrest, 'under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1121 (D. Nev. 2011) (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

Plaintiff has not alleged a cognizable claim for false arrest. Plaintiff asserts that Defendants "unlawfully detained Plaintiff without adequate lawful basis." [Complaint at 2.] Plaintiff also makes the conclusory allegation that "a warrant connected to the incident reflected irregular preparation, review, authorship, execution, or correction." [*Id.* at 1.] But Plaintiff does not explain what he was arrested for or why Defendants had no lawful basis to arrest him. Plaintiff's claim for false arrest is therefore **DISMISSED**.

### ii. Unlawful Detention

Plaintiff also brings a claim for "unlawful detention." The Court construes Plaintiff's claim for "unlawful detention" to be a claim for false imprisonment. Under California law, false arrest is the same tort as false imprisonment. *Martinez v. City of L.A.*, 141 F.3d 1373, 1379 (9th Cir. 1998) (noting false arrest is "one way of committing a false imprisonment") (quoting *Collins v. City & Cnty. of S.F.*, 50 Cal. App. 3d 671, 673 (1975)). Because false arrest and false imprisonment are the same tort under California law and the Court has dismissed Plaintiff's false arrest claim, Plaintiff's unlawful detention claim is also **DISMISSED**.

### iii. Malicious Prosecution

Generally, a malicious prosecution claim is not cognizable under § 1983 if process is available in the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "[A]n exception exists . . . when a malicious prosecution

4

is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc).  A malicious prosecution claim under § 1983 is based on state law elements. *See Usher*, 828 F.2d at 562.  To proceed on a malicious prosecution claim under § 1983, a plaintiff must show he was prosecuted "with malice and without probable cause," and "for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).

Plaintiff has not established a claim for malicious prosecution. Plaintiff does not specify which constitutional right Defendants denied him.  Plaintiff also does not allege why Defendants lacked probable cause to arrest him.  Plaintiff merely makes the conclusory allegations that "Defendants initiated, caused, encouraged, or continued a criminal prosecution despite defective records, missing evidence, and exculpatory information" and "[t]he criminal proceeding terminated in Plaintiff's favor." [Complaint at 2.]  Plaintiff's claim for malicious prosecution is therefore **DISMISSED**.

### iv.  Fabrication of Evidence

A plaintiff can bring a cause of action for the fabrication of evidence where "(1) [d]efendants continued their investigation of [a plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) [d]efendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001); *see also* Model Civ. Jury Instr. 9th Cir. 9.38 (2025). "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). "To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the

injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Id.*

Plaintiff has not established a claim for fabrication of evidence. Plaintiff makes the conclusory allegations that "Defendants created, used, approved, relied upon, or failed to correct materially inaccurate, misleading, or unreliable reports, records, identifiers, timelines, or evidentiary summaries[,]" and this "false or misleading material deprived Plaintiff of due process and contributed to unlawful restraint and prosecution." [Complaint at 3.] Plaintiff also alleges that "the blood result was below the legal limit, yet prosecution nevertheless continued for an extended period." [*Id.* at 2.] Taking Plaintiff's allegations as true, Plaintiff does not explain how Defendants' alleged conduct deprived him of his liberty. Plaintiff's claim for fabrication of evidence is therefore **DISMISSED**.

### v. Failure to Disclose Exculpatory Evidence

Plaintiff has not established a claim for failure to disclose exculpatory evidence. Due process requires that the prosecution disclose exculpatory evidence within its possession. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Cooper v. Brown*, 510 F.3d 870, 924 (9th Cir. 2007). Plaintiff merely makes the conclusory allegations that "Defendants failed to disclose, preserve, or timely produce material exculpatory information . . ." and "[s]uch conduct violated due process rights and impaired his ability to defend against the charges." [Complaint at 3.] Again, Plaintiff fails to explain what evidence Defendants allegedly withheld or how that conduct impacted Plaintiff's constitutional rights. Plaintiff's claim for failure to disclose exculpatory evidence is therefore **DISMISSED**.

### III.  CONCLUSION

Accordingly, Plaintiff's motion to proceed IFP is **GRANTED** and his Complaint is **DISMISSED** with leave to amend. Plaintiff may file an amended complaint by **June 23, 2026**. Failure to file an amended complaint by June 23, 2026 will result in dismissal of the case.

///

///

6

3:26-cv-2453-CAB-SBC

If Plaintiff files an amended complaint, it must be complete by itself and must not refer in any manner to the initial Complaint.

It is **SO ORDERED**.

Dated:  June 2, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

7

3:26-cv-2453-CAB-SBC