UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALBERTO COSME GUERRA,

Plaintiff,

v.

OFFICER ANTHONY ALVAREZ, OFFICER M. CROTHERS, and DOE DEFENDANTS 1–25,

Defendants.

Case No.: 3:26-cv-2453-CAB-SBC

**ORDER:**

**(1) ALLOWING PLAINTIFF'S FIRST AMENDED COMPLAINT TO PROCEED, [Doc. No. 5]; and**

**(2) DIRECTING CLERK OF COURT TO ISSUE SUMMONS.**

Plaintiff Alberto Cosme Guerra ("Plaintiff") is proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. On June 2, 2026, the Court granted Plaintiff's motion for leave to proceed in forma pauperis ("IFP"), dismissed the original complaint for failure to state a claim, and granted him leave to file an amended complaint. [Doc. No. 4.] Plaintiff filed a First Amended Complaint ("FAC") on June 11, 2026. [Doc. No. 5.] In it, Plaintiff alleges his constitutional rights were violated when Defendants Officer Anthony

Alvarez and Officer M. Crothers (together, "Defendants") detained him, subjected him to a compelled blood draw, and charged him without probable cause. [FAC at 3–4.] For the reasons discussed below, the claims in Plaintiff's FAC may proceed.

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

As with his original complaint, the Court must screen Plaintiff's FAC and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court considers Plaintiff's position as a pro se litigant at the pleading stage and construes the FAC liberally. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018).

### A. Plaintiff's 42 U.S.C. § 1983 Claims

The Court previously discussed the requirements for a claim under § 1983 in the June 2, 2026 Order. [Doc. No. 4.] Plaintiff's FAC makes the following allegations: (1) Defendants did not personally observe Plaintiff's driving before U.S. Customs and Border Protection ("CBP") detained him; (2) Defendants relied on CBP's unsigned, incomplete, and inadequately verified account of his driving; (3) Defendants improperly relied on Plaintiff's post-detention behavior in making the arrest; (4) Defendants adopted misleading conclusions and omitted information from the warrant application, rendering it inaccurate; (5) Defendants failed to preserve witness and video evidence; and (6) the foregoing conduct impaired Plaintiff's ability to challenge the arrest, warrant, prosecution, and actions taken by the state of California, which restricted his liberty. [*See generally* FAC at 8–11.]

"The fact that a complaint has survived screening," however, "does not necessarily mean it has merit or lacks defects, or that it cannot be dismissed later on a motion." *See*

*Green v. Volcano Harley-Davidson*, No. 3:24-CV-1509-SB, 2026 WL 812304, at *2 (D. Or. Feb. 23, 2026) (collecting cases). This is in part because screening occurs "without the benefit of briefing from Defendants." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007). "Adversarial motion practice may uncover defects that were previously not apparent." *Paul v. Colvin*, No. 13CV3128-LAB JMA, 2015 WL 4401760, at *2 (S.D. Cal. July 17, 2015), aff'd (June 10, 2016).

**i. False Arrest**

Plaintiff has sufficiently amended his complaint to plausibly state a claim for false arrest. [*See id.* at ¶ 120.] Plaintiff's claim for false arrest may proceed.

**ii. Judicial Deception and Unreasonable Blood Draw**

Plaintiff has amended his complaint to include a claim for judicial deception resulting in an unreasonable blood draw in violation of the Fourth Amendment. Plaintiff cites to *Chism v. Washington State*, 661 F.3d 380 (9th Cir. 2011). In *Chism*, the Ninth Circuit allowed a § 1983 action based on allegations that the officers in that case obtained a warrant by presenting misleading information to the issuing judge to proceed to trial. *Id.* at 383. Plaintiff alleges that Defendants provided misleading information to obtain the warrant used to for Plaintiff's blood draw.

Plaintiff plausibly alleges a claim for a blood draw in violation of the Fourth Amendment. [*See* FAC at ¶ 127.] Plaintiff's claim for judicial deception may proceed.

**iii. Fabrication of Evidence**

Plaintiff has sufficiently amended his complaint to plausibly state a claim for fabrication of evidence. [*See id.* at ¶ 134.] Plaintiff's claim for fabrication of evidence may proceed.

**iv. Failure to Disclose Exculpatory Evidence**

Plaintiff has sufficiently amended his complaint to plausibly state a claim for failure to disclose exculpatory evidence. [*See id.* at ¶¶ 140–144.] Plaintiff's claim for failure to disclose exculpatory evidence may proceed.

///

**v. Malicious Prosecution**

Plaintiff has sufficiently amended his complaint to plausibly state a claim for malicious prosecution. [*See id.* at ¶¶ 147–151.] Plaintiff's claim for malicious prosecution may proceed.

**vi. Failure to Intervene**

Plaintiff has amended his complaint to include a claim for failure to intervene. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon,* 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994), *rev'd on other grounds,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). "In determining whether an officer should have intervened to stop a constitutional violation, the court should consider whether the bystanding officer was aware of the specific risk of harm to the citizen and whether that officer had the time and opportunity to intervene." *Fernandez v. Virgillo*, No. 2:12-CV-02475 JWS, 2014 WL 828789, at *3 (D. Ariz. Mar. 4, 2014), *aff'd*, 651 F. App'x 692 (9th Cir. 2016).

Plaintiff's FAC plausibly states a claim for failure to intervene. [*See* FAC at ¶ 157.] Plaintiff's claim for failure to intervene may proceed.

**II. CONCLUSION**

Accordingly, the claims in Plaintiff's FAC may proceed. The Clerk of Court shall issue a summons. Plaintiff shall serve Defendants with the summons by **January 27, 2027**.

It is **SO ORDERED**.

Dated: October 28, 2026

Hon. Cathy Ann Bencivengo
United States District Judge